CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 13 2022

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

Winston NA/ee Reed
ESP P.O. Box 1989
Ely, Nevada, 89301

7:22-CV-00257

IN THE __UNITED STATES__ DISTRICT COURT OF THE
STATE OF ~~Nevada~~ Virginia IN AND FOR THE COUNTY OF __Roanoke__

Winston NA/ee Reed.
   Petitioner,

vs.  State Actor(s)
Harold Clarke et al. -

Warden; State of Nevada,

   Respondents.

CASE NUMBER:

**EX PARTE MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST FOR EVIDENTIARY HEARING**

COMES NOW, __plaintiff__ the Petitioner, in proper person, and moves this Court for its order allowing the appointment of counsel for Petitioner and for an evidentiary hearing. This motion is made and based in the interest of justice.

Pursuant to NRS 34.750(1): (18 U.S.C. § 3006(A)(C); F.R.Cp 17(c)(2))

   A petition may allege that the petitioner is unable to pay the costs of the proceedings or to employ counsel. If the court is satisfied that the allegation of indigency is true and the petitioner is not dismissed summarily, the court may appoint counsel to represent the petitioner. In making its determination, the court may consider, among other things, the severity of the consequences facing the petitioner and whether:

   (a)  The issues presented are difficult;

   (b)  The petitioner is unable to comprehend the proceedings, or

Dated this 3rd day of May 2022.

(1)

## Memorandum of Points And Authorities

The Courts May appoint Counsel to represent plaintiff. In Making Its determination, The Court May consider, Among other things, the severity of the consequences facing the plaintiff and whether § 1915(A)(1):

(1) Plaintiff's Inability to present his own case On account of the facts that he Is a Native of the state of Virginia

(2) The Complexity of Legal Issues are Substantial as, He Is Unfamiliar with the Complexities of Nevada State Laws, Nev. rev. stats; and Nev. dept. of corrections proceedings, policies etc. (S. City Jail v Eisenstadt, 494 F.2d 1176).

(3) Plaintiff alleges the Case Issues are Substantial and he Is unable to factually develop and adequately present the claims herein without the assistance of Counsel. Johnson v. Avery, 89 S Ct 747 (1969)

(4) Plaintiff Is Ad-seg, Indeterminately housed at esp as, current; denied physical access to the Law Library; No quasi Legal assistants assistance Is available; plaintiff has an Unconst.l paying system for Legal research, plaintiff Is denied legal materials by esp, as a Virginia Interstate Compact Inmate see Appendix. (Rich v Zitnay, 644 F.2d 41, 43 (1st Cir 1981))  (cont.)

(3) Plaintiff has necessity of factual Investigation, and is Unable to adequately Investigate the severity of case Issues per Claims herein.

(4). Plaintiff Is able to obtain Counsel financially or, Knowledgably as a Virginia Native.

A.) LEGAL ARGUMENT

Plaintiff has set forth exceptional circumstances, faced with Claims, Issues herein.

B.) Plaintiff has a demonstration of both the likelihood of success, lawsuit at the severity of Claims, and all State, local, Institutional (NDOC) facility deprivations Committed against him at HDSP as an Intrastate Compact Incarcerated Individual; but also, all Federal, New Const. art(s) deprivations named, Thereof Complaint. Agyeman v. corr. corp of Amer., 390 F.3d 1101, 1104 (9th Cir 2004)

C.) Plaintiff has alleged serious deprivations of his Civil rts. pursuant to 28 U.S.C § 1331, 1334(a)(3), (4); 1367; F.R.C.p. 12(b)(6). Maher V. Gagne, 448 U.S. 122, 129 n.11 (1980)  Cont →

(3)

D)
Plaintiff shows extreme lack of litigation experience, as a Virginia Inmate, now Incarcerated In Nevada; Also, Plaintiff takes unknown Psyco-tropic Medications, and is simply incable of litigating such case. Brown v. U.S., 623 F.2d 54, 61 (9th cir 1980); F.R.C.p 17(c)(2)

E)
Plaintiff humbly seeks this honorable courts, consideration of this case; To be submitted before, the Nevada Pro bono Attorney legal pool's that will, give him a affordence of a fair opportunity to have, his claims properly presented, That the court may afford him a fair hearing(s). Hawkins v. Kennedy, 423 F.2d 448 (8th cir 1970)

I K.D. Welch 1030777 Incarcerated Advocate did file, such motion on Mr W. Reed's behalf pursuant to All, allegations and claims herein. (NRS 208.165)

Dated this 1st day of march, 2021.

By: X Winston Reed

4

1  (c) Counsel is necessary to proceed with discovery.

2  Petitioner is presently incarcerated at ESP Ely State Prison, Nevada, is

3  indigent and unable to retain private counsel to represent him.

4  Petitioner is unlearned and unfamiliar with the complexities of Nevada state law, particularly

5  state post-conviction proceedings. Further, Petitioner alleges that the issues in this case are complex and

6  require an evidentiary hearing. Petitioner is unable to factually develop and adequately present the

7  claims without the assistance of counsel. Counsel is unable to adequately present the claims without an

8  evidentiary hearing.

9  Dated this 3rd day of May, 2022.

11  Winston Najee Reed

12  *In Proper Person*

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is a person of such age and discretion as to be competent to serve papers.

That on ___May 3___, 20_22_, he served a copy of the foregoing Ex Parte Motion for Appointment of Counsel and Request for Evidentiary Hearing by personally mailing said copy to:

District Attorney's Office
Address:


Warden    ESP 4569 North State Route
Address:  Ely, Nevada, 89301.


_____Winston NAjee Reed_____
Petitioner

# AFFIRMATION
## Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding  Exparte

Motion For Counsel Appointment + Evidentiary Hearing
(Title of Document)

filed in District Court Case number _____

☑ Does not contain the social security number of any person.

-OR-

☐ Contains the social security number of a person as required by:

   A. A specific state or federal law, to wit:
   _____
   (State specific law)

   -or-

   B. For the administration of a public program or for an application for a federal or state grant.

_____  1436496         May-3-2022
Signature                       Date

Winston Reed
Print Name

Plaintiff/Petitioner
Title