## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **WINSTON NaJEE REED,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:22CV00257 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD CLARKE,** | ) | Judge James P. Jones |
| | ) | |
| Respondent. | ) | |

*Winston NaJee Reed, Pro Se Petitioner.*

The petitioner, Winston NaJee Reed, an inmate proceeding pro se, filed this action as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 against Director Harold Clarke of the Virginia Department of Corrections ("VDOC").  Reed asserts that pursuant to an interstate compact, Virginia authorities wrongfully transferred him to a Nevada state prison, where he is confined under unconstitutional living conditions.  Upon review of the record, I conclude that Reed's claims under § 2241 must be summarily dismissed without prejudice.

I.

Reed filed his Petition in May 2022, listing "Habeas Clause: 28 U.S.C. § 2241(c)(1)" in the heading, among a list of federal rules.  Pet. 1, ECF No. 1.  Given this introduction, the court construed and docketed his submission as a habeas petition under § 2241.  According to Reed, he arrived in Nevada in November

2020, pursuant to an involuntary administrative transfer under an interstate compact between Virginia and Nevada.  Reed claims that while confined in Nevada prisons, he has contacted COVID-19 twice "by lack of COVID 19 protocol" and suffers lingering symptoms but has not been referred to a lung specialist. *Id.* at 7.  He also claims that his mental health has deteriorated, leading to episodes of self-mutilation and depression.  Nevada authorities have allegedly placed Reed in long-term administrative segregation without due process.  He claims conditions in this segregation unit have been harsh in unspecified ways.

Reed also challenges the validity of the transfer itself.  He claims that it resulted from a conspiracy to deprive him of his right to participate in a class action lawsuit concerning Islamic religious practices.  He also claims that officials transferred him without appropriate consideration for his serious and preexisting medical conditions, requiring chronic care, a spine specialist, and an MRI, delayed for two years. *Id.* at 10.

In conclusion, Reed seeks preliminary injunctive relief.  He asks me to order officials to return him to his home state of Virginia and to order VDOC officials to provide him adequate medical care as recommended in the past by specialists.

## II.

A petition under § 2241 must be brought in the district court with jurisdiction over the petitioner's custodian. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).  Reed

is currently incarcerated at a state prison facility in Nevada. Because he is not confined within the jurisdiction of this court, this court has no jurisdiction over the warden of the Nevada facility, who is the appropriate respondent in a § 2241 action.

I could transfer the § 2241 petition to the appropriate federal court in Nevada for disposition, if such a procedure were in the interest of justice. *See* 28 U.S.C. § 1406(a). I cannot so find in this case, however. Reed's claims are not actually habeas claims at all. He challenges various prison living conditions — the quality of COVID restrictions, the adequacy of medical care, living conditions in administrative segregation, and so on. Habeas corpus petitions are reserved for attacks on the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Challenges to living conditions that the inmate encounters while in prison, including protection against contagious disease or medical care provided, fall well outside the core of habeas corpus subject matter. Court claims about such matters must be raised, if at all, in a civil action for damages or injunctive relief.[1] *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Because Reed's Petition

---

[1] Under 42 U.S.C. § 1983, an individual may bring a civil action against state actors for violations of constitutional rights. I could treat Reed's submission as a civil rights action. Courts must read a pro se litigant's allegations in a liberal fashion and hold their pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). I decline to construe Reed's Petition liberally as raising § 1983 claims, however, because he did not prepay, or agree to pay, the $350 filing fee for such a lawsuit, 28 U.S.C. § 1915(b). In addition, in the heading of his Petition, Reed identifies only Harold Clarke as a defendant, but he fails to state facts showing how this defendant acted personally to deprive him of any constitutionally protected right. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each

challenges only conditions of his confinement that do not undermine the constitutional validity of the fact or the duration of his confinement under his state criminal sentence, I will summarily dismiss his Petition without prejudice for lack of subject-matter jurisdiction.[2]

     A separate Final Order will be entered herewith.

DATED:   June 6, 2022

/s/  JAMES P. JONES
Senior United States District Judge

---

Government-official defendant, through the official's own individual actions, has violated the Constitution"). He mentions other individual officers in the text of his Petition, but without describing actions each of them undertook personally in violation of his constitutional rights. Furthermore, Reed's Petition attempts to bring several different and unrelated claims in one lawsuit: a challenge to the transfer, a challenge to living conditions in Nevada, a challenge to medical care in Nevada. This jumble of unrelated claims is inconsistent with the Federal Rules of Civil Procedure governing proper joinder of claims and defendants in one case. Fed. R. Civ. P. 18, 20.

   [2] Dismissal of this action without prejudice leaves Reed free to file a new and separate action under 42 U.S.C. § 1983, provided that he satisfies requirements regarding the filing fee for such an action and that he brings only properly joined claims and states sufficient facts concerning the individual defendants' actions in violation of his constitutional rights.